Good morning. My name is Jennifer Geisler, and I represent Plaintiff Appellant Burt Vervoorn. We're here on an insurance case. We believe that we created a trial, I'm sorry, we believe we submitted sufficient evidence to the district court to create a tribal issue of fact that there was a plain conflict of interest between Mr. Vervoorn and CBS, a defendant in the underlying lawsuit, and Safeco. I think something that the district court mentioned was he felt it was a theoretical conflict, and it wasn't real enough for us to have been given cumulus counsel in this case. Well, is it your position that anytime there's an allegation of intentional conduct by an insured, that he or she automatically is entitled to separate counsel, even when there's no reservation of rights by the insurance company? That's not my position in every case. I think in this case in particular, because there was an alter ego theory alleged against Mr. Vervoorn, that in and of itself created sufficient conflict for him to be provided counsel. Was there a reservation of rights on the alter ego claim? There was not a reservation of rights, Your Honor. Does that mean that the insurance company would have to pay, even if alter ego was proved? Your Honor, they would take the position that that was outside of the coverage provided in this instance, and I think that was something they raised before. So isn't that the usual reservation of rights is outside the coverage? Well, they didn't provide a reservation of rights in this case, and I think that there were memos by the Safeco adjusters saying that he would not be covered as an individual defendant, only in his capacity as an officer of the company, CBS. This issue of the conflict was raised by the counsel that was appointed by Safeco. That was Mr. Myers. Mr. Myers wrote letters to Safeco saying, there's this conflict, we are concerned about it, we're going to have to deal with it, and here's my suggestion on how to handle it. He sent letters saying, I need guidance, am I still supposed to represent Mr. Vervoren as an individual? I think there'd be kind of maybe an estoppel or something against the insurance company at least, not having reserved that, that being an issue raised in the case, the alter ego claim, and it would be hard for the insurance company to get out of paying, wouldn't you think so? Well, I think that would probably be a different lawsuit, Your Honor. I mean, not just Safeco, but, I mean, let's face it, insurance companies are not in the business to pay out as much money as they can on their policies. They're going to be cautious, they're going to fight cases as they did here. Mr. Vervoren was told by Mr. Myers that there was a conflict of interest and you should get your own attorney. Mr. Vervoren did that. He hired Mr. Engel. Mr. Engel looked at the case. He felt there was a conflict of interest. He successfully defended Mr. Vervoren. Mr. Vervoren ---- The fact that they say so doesn't make it so. Well, I guess, is it your position that a subjective loss of trust in a person's insurance company entitles that person to CUMAS counsel? Well, I think if it's an, I think that that is a factor, but in this ---- All right, but what's the authority for that? Well, in the, you know, I can look up the authority in the brief for that issue. Are you saying there's a case that stands for subjective loss of trust in a person's insurance company entitles them to CUMAS counsel? No, I'm not saying that at all. It's not subjective, but I think that if the lawyer who's handling the case looks at it and says, you know, there's a conflict here and we're going to have to deal with it, maybe that's not the end all in proving dispositive that there is a conflict, but that certainly creates a triable issue that there was a conflict. Now, is the fact, is the, is it an objective or a subjective test? Well, I think you have to look at the facts, and I suppose you could say it's a bit of each, but if you're the ---- I can't imagine that it could ever be like, well, I just don't have faith in this lawyer, so I get another lawyer. No, no, no, and we're certainly not ---- And that's a subjective, you know, I mean, and there is a subjective component in this case. I think that there is, but there was a real threat here of personal liability for Mr. Verborn and his personal assets, and CBS, which was basically just the Safeco insurance policy at this point, was basically the Safeco insurance policy. Safeco doesn't want to pay out on its policy if it doesn't have to, and if they do, they want to pay as little as possible. That puts them in a conflict with Mr. Verborn. If he's found liable under this alter ego theory, they're not going to have to worry about paying out their policy. And when you look at the basis for giving people cumulus counsel, it really goes to the ethical dilemma that a lawyer is presented with when they have to defend someone and another defendant in a situation like this. This is something that Mr. Myers recognized and raised as an issue, and he may say now, well, I don't remember saying to Mr. Verborn there was a conflict, but he doesn't deny it. And I think that that, along with the letters that he wrote, Mr. Verborn's declaration, and the declaration of Mr. Verborn's subsequent counsel, creates a sufficient evidence of a tribal issue that there was a real conflict here. And I think that the previous case that we cited in our reply brief supports our position that we should, he should have been provided separate counsel, and his legal fees to the tune of $60,000 should have been reimbursed by Safeco. Is the issue of the cumulus counsel or Section 2680 limited to disputes between the insurance company and the insured, or could it extend into conflicts of interest, say, between two defendants? Well, I think it certainly could be extended to conflicts between two defendants. In this case, we sort of have something that's discussed in the San Diego Federal Credit Union case, where you have the carrier, the insured, and another party, and you've got a tripartite interest here. So here you're relying on a dispute, conflicts of interest between Mr. Verborn and CBS, is that right? And as well as Safeco, Your Honor, because at this point, CBS and Safeco had one interest in this case, because CBS was basically just a Safeco policy since it had been sold and had no other assets. I have no further comments. I'd like to save my time. All right. We'll reserve the balance. Yes. Thank you. Thank you so much. Good morning. Good morning. Cynthia Palin for Defendant Safeco Insurance Company of America, or APALE, I apologize. It's well-settled law in California that when an insurer agrees to defend and does not reserve its right, that it obligates itself, it waives all coverage defenses, and it obligates itself to pay any verdict against any of its insureds, with the exception of punitive damages, which are statutorily accepted under 2860. That's what happened here. Safeco did not issue a reservation of rights. It obligated itself. Let me ask you this. Mr. Verborn alleges that an attorney for Safeco advised him to retain his own counsel. Doesn't this allegation raise an issue of fact as to whether there may be an estoppel issue? No, Your Honor. And please let me direct you to the record. First of all, when Mr. Verborn was served with the amended complaint, he did receive a letter saying, punitive damages have been alleged against you, you can retain your own counsel at your own expense, and Mr. Myers will cooperate. The letter that Mr. Myers wrote later on, that's been referred to several times by the appellant, can be found at your record at page 365. It states, in a report to Safeco discussing separate counsel, we will, of course, contend that Mr. Verborn and Contractors Barricade Service do not have a unity of interest and are not the alter ego of each other. While there is no genuine conflict of interest between Verborn and the dissolved corporation, it might appear to a jury that if the same lawyer is representing both Contractors Barricade Service and Mr. Verborn, that both must be the alter ego of each other. Therefore, it might be necessary to appoint separate counsel for Mr. Verborn or Contractors Barricade Service prior to trial. One of the things that Safeco gets in exchange for waiving all of its potential coverage positions is it gets the right to control the defense, and it does not have to appoint cumus counsel. Mr. Myers' letter makes very clear that this is being discussed in the context of trial strategy. It's not an actual conflict. If the court will look at Dynamics Concept v. Truck and James Five Corporation, the court in those cases has said that you cannot simply assume that an attorney is going to violate any ethical duty. And there is no evidence here that Mr. Myers was going to violate any ethical duty. He was perfectly comfortable defending both CBS and Mr. Verborn. If a judgment had been returned on alter ego, would the insurance company be required to pay that? Yes. All coverage defenses had been waived. There was no reservation of rights here. That's a waiver. The allegation in the complaint of punitive damages, does that carry an aspect of intentional conduct? If the verdict is returned. Because malice requires intentional conduct. Because of the statute 2860, if there's a finding of intentional conduct, but compensatory damages are awarded on that intentional conduct and the insurance company has not reserved its right, it is obligated to pay. If that intentional conduct results in a punitive damage verdict, it's statutorily prohibited from paying it. Would there be an incentive maybe on the part of the insurance company and CBS to try to shift this over to intentional conduct? So that the insurance company wouldn't be stuck and only Mr. Verborn would be stuck? No, Your Honor. The case simply wasn't postured that way. Without a reservation of rights, SAFECO obligated itself to pay anything except a punitive damage verdict. This whole concept. You have to pay the punitives, though. And if the insurance company could get out from under the obligation by aiming the case through their attorney, who's representing both parties, toward the punitive damages aspect, isn't that a conflict of interest? No, Your Honor. As a matter of statute, punitive claims for punitive damages do not give rise to a right to cumulus counsel. You're simply prohibited from paying it. And as a practical matter, punitives are based on compensatory damages. There would have to be compensatory before you would get to punitive. There would have to be compensatory or the punitive damage verdict would get struck. I can't imagine any case where a jury would come back and say, no actual, no compensatory, but we're tagging you for punitive. Can you get $1 compensatory and then get punitive damages? I think under the current Supreme Court standard, that gives them $10 in punitives at the max. Does the Court have any other questions? No, I don't. No, I don't think we do. Okay. Thank you, Your Honor. I just have a few final comments briefly. Thank you so much. I think, you know, Mr. Verborn paid his insurance premiums for over 20 years. And when the chips are down, he's told by the Safeco lawyer, you've got a conflict. He acts on it, and he's, in effect, punished by Safeco for doing so. They start writing him threatening letters. We're going to hold you responsible. We're going to get reimbursement from you. This was a very scary time for Mr. Verborn. And I think especially after that occurred, he's not going to feel comfortable with Mr. Myers. We're not saying Mr. Myers was going to act inappropriately, but he was certainly faced with a very uncomfortable dilemma in that regard. And he recognized it, and he brought it up to the insurance company. And he kept doing that in his letters. He's got to be careful. At the time this occurred, he still worked for Safeco. He still does Safeco work. And I wouldn't want to be in his position. But I think we have presented enough information here to show that there was a plain conflict of interest. Except for having to pay these attorney's fees. He came out pretty well, didn't he? He came out well. Thank goodness. He was out about $60,000 in attorney's fees, Your Honor, which he paid himself and have never been reimbursed by Safeco. And, you know, it's great that it turned out okay for him. But he was out $60,000, and he went through a very scary time for about seven or eight months. Don't waste all your time on that comment. Okay. No, I won't. Hit the high points. Sure. As Scott is. Okay. I just want to focus that the basis for the Cumas decision was this ethical dilemma that lawyers can be faced with when they're hired by an insurance company to defend an insured and conflicts arise. It's to prevent that sort of thing from happening. And this is exactly what happened in this case. So I think at the very least, Mr. Verborn was entitled to separate counsel and to be reimbursed for his separate counsel in this case. So we'd ask that the decision be reversed. Thank you both for your argument. Thank you so much. This matter will now be submitted. Court is in recess. All right. This is all for this session. Thank you very much.
judges: Fisher, Callahan,reed